McCauley, J.
The mortgage was duly executed and recorded. The only defect in it was the omission of the name of the grantee. . But the grant was to-and his assigns in trust for the use and benefit of Harriet Donnel, her heirs and assigns. And the covenants were to-, trustee as aforesaid.
In the clause of defeasance, the promissory note of Theophilus Donnel to Michael Roat was payable to bim for the use and benefit of Harriet Donnel. It is quite plain that the granting elause and the promissory note set out in the defeasance have reference to the same trustee and the same beneficiary, and thus is furnished the means of making definite and certain all that is wanting to make the mortgage a complete instrument.
If the name of the grantee had been omitted from the mortgage by mistake or inadvertence, the defect would be one that could be corrected by proof aliunde. Strang v. Beach, 11 Ohio St., 283; Goshorn v. Purcell, Id., 641.
Counsel for plaintiff in error insist, on the authority of Van Thornily v. Peters, 26 Ohio St., 471; Erwin v. Shuey, 8 Id., 510; and White v. Denman, 16 Ohio, 60, that the mortgage was fatally defective.
These were all cases involving the effect of defectively executed mortgages, in which it was held that a mortgage to operate of its own force must be executed, according to the statute prescribing the form and requisites of such instruments. This mortgage presents a question wholly different from the one determined in those cases. And containing within itself the means to make it definite and certain, we think there was' no error in so reforming it.
It is contended that the mortgage from the husband, who was insolvent at the time it was given, to a trustee for the us.e of his wife secured to her a preference over other creditors and should inure to the equal benefit of all the creditors of the husband.
If the husband had given a mortgage to one of his creditors who was under no disability to take it to secure a debt, suck a mortgage would have been valid both at law and in *294 equity. If the wife was a bona, fide creditor, as found by the district court, and might take security for her debt, she Avas entitled to security in a form, and in effect, as available to her as that taken by any other creditor, to him for his debt.
A mortgage directly from the husband to his wife, while it would have dispensed with a trustee and would not have been within the letter of the statute, would have been void at law, and subject to the uncertainty of being upheld in equity. Her security in this form would have been something less than that which might have been taken by a creditor not under disability. Assuming her right to take security in a form as ample as might have been taken by any of the creditors of her husband, this security was given in the only way in which it could have been done without impairing that right. The mortgage was in legal effect equivalent to an assignment under section 6343 of the Revised Statutes, Harkrader v. Leiby, 4 Ohio St., 603, and Avould have inured to the benefit of all the creditors of the mortgagor if the beneficiary had been anyone other-than his wife.
The office of the trustee under this mortgage was not to hold the security of the mortgage merely for the benefit of creditors; but to hold it for a creditor who could not have taken or held it for herself. The mortgage was the legal mode of giving security by the husband directly to the wife.
We are of opinion therefore . that there rvas no error in the judgment of the district court in so holding.

Judgment affirmed.